## HAYWARD v. GOLDSBURY.

1. **Practice**: PLEADING NOT FILED IN TIME STRICKEN FROM FILES. Where a demurrer was sustained to a petition, and plaintiff delayed the filing of his amended petition beyond the time allowed by the court, and defendant moved to strike it from the files because not filed in time, and plaintiff was allowed time to resist the motion by filing an affidavit excusing the delay, but failed to file his affidavit within the time allowed, and the court, in view of the "history of the case," sustained the motion, *held* that this court could not disturb the ruling.

2. ———: NEGLIGENCE OF ATTORNEY'S CLERK IMPUTED TO CLIENT. The negligence of an attorney's clerk in delaying the filing of pleadings until after the time allowed by court, must be imputed to the attorney's client.

*Appeal from Cherokee District Court.*

FRIDAY, APRIL 25.

THIS is an appeal by the plaintiff from an order striking his amended and substituted petition from the files, and from a judgment against him for costs.

*J. D. F. Smith*, for appellant.

*Charles Goldsbury*, for himself.

ADAMS, J.—The court sustained a demurrer to the original petition, and the plaintiff had leave to file an amended and substituted petition in twenty days. He failed to file it within the time allowed, but filed it several days later. The defendant moved to strike it from the files. The plaintiff asked for time to make resistance to the motion by filing an affidavit of excuse. Time was given until the opening of the court the next morning. No affidavit was then filed. The cause came on for hearing upon the motion, and was argued by the defendant in support thereof. At the close of the argument the plaintiff offered to file his affidavit, and the court refused to allow it, and sustained the motion to strike the amended and substituted petition from the files, and rendered judgment against the plaintiff for costs.

The affidavit was a part of the evidence upon which the hearing was to be had. It should manifestly have been filed before the hearing commenced. The plaintiff's counsel, it appears, sat by with the affidavit in his pocket. It is true, he offered to allow the defendant's counsel to comment upon it after it should be read, but the court was not bound to hear the case in such an irregular way.

Besides, the affidavit, if filed, would not in our opinion have shown a valid excuse. The failure to file the amended and substituted petition was due to the sheer negligence of the plaintiff's attorney's clerk. Such negligence must be imputed to the plaintiff. The negligence in filing the amended and substituted petition the court in its discretion might have excused upon a slight showing of excuse, but the affidavit offered appears to us to constitute no showing of excuse. We observe, further, that the court says that, in refusing to entertain the affidavit, it takes into consideration the history of the case. What the history was does not appear; but it was known to the court below. We should hesitate much about interfering with the discretion of the court, even if the case appeared stronger for the plaintiff than it does.

AFFIRMED.